# Exhibit A

## GUARANTY

(CORRECTED)

GUARANTY made as of April 10, 2019, by **BOLEK RYZINSKI and LUKAS MACNIAK** (collectively, "Guarantor"), individuals having an address c/o ABR Builders, LLC, 39 West 38 Street, Suite 1100 W, New York, NY 10018 for the benefit of 39 CLARKSON ASSOCIATES LLC ("Owner") a New York limited liability company having an office c/o LTN Capital, 18 East 17th Street, 3rd Floor, New York, NY 10003

1. In consideration of, and as an inducement for, the extension and forbearance from collection of that certain loan in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) made by Owner to ABR Builders, LLC ("**Contractor**"), which Loan was made to facilitate the completion by Contractor of a certain construction project (the "**Project**"), located at 39 Clarkson Street, New York, NY (the "**Premises**") and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Guarantor does hereby, on behalf of Guarantor and Guarantor's heirs, administrators, executors, successors and assigns, unconditionally and absolutely guarantee to Owner and its successors and assigns (a) the full and timely payment of the Loan upon demand by Owner, and (b) the completion of the Project up to the maximum amount of $1,000,000.00 (such obligations being hereinafter referred to as the "**Guaranteed Obligations**"), without requiring any notice of non-payment, or proof, notice, or demand whereby to charge Guarantor therefor, all of which Guarantor hereby expressly waives.

2. In addition to the Guaranteed Obligations, Guarantor hereby covenants and agrees to pay within ten (10) days after Owner's written demand therefor, all reasonable attorneys fees and disbursements and all litigation costs and expenses incurred or paid by Owner in connection with the enforcement of this Guaranty.

3. This Guaranty is an absolute and unconditional guaranty of payment and performance. Guarantor acknowledges that this Guaranty and Guarantor's obligations and liabilities under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, are and shall be the separate and independent undertaking of Guarantor without regard to the validity, legality or enforceability of Contractor's obligations with respect to the Project or the Loan, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this Guaranty and the obligations and liabilities of Guarantor under this Guaranty. This Guaranty sets forth the entire agreement and understanding of Owner and Guarantor, and Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations or liabilities of Guarantor under this Guaranty.

4. Guarantor hereby covenants and agrees that Guarantor may be joined in any action by or against Contractor in connection with the Guaranteed Obligations, and that recovery may be had against Guarantor in such action or in any independent action against Guarantor without Owner first pursuing or exhausting any remedy or claim against Contractor or its successors or assigns.

5.      Guarantor further covenants and agrees that this Guaranty shall not be affected or impaired by, and shall continue in full force and effect notwithstanding (i) the unenforceability of any agreement relating to the Project or the Loan or any amendment, modification, extension thereof, (ii) any extension of time that may be granted to Contractor or its successors or assigns, (iii) the voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all the assets, marshaling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement or readjustment of, or other similar proceeding affecting the Contractor or any of its assets or the disaffirmance, rejection or postponement in any such proceeding of any of Contractor's obligations or undertakings with respect to the Project or the Loan, (iv) any modification, reduction or other limitation of the Guaranteed Obligations that may occur pursuant to any bankruptcy, insolvency, or similar proceeding affecting Contractor, or (v) any event or circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor, indemnitor or surety under the laws of the State of New York, the laws of the United States, or the laws of any other jurisdiction or country.

6.      Guarantor warrants and represents that Guarantor has the legal right and capacity to execute this Guaranty, and that each Guarantor is a principal of Contractor and has derived, and shall continue to derive, substantial benefit from the Loan and the Project.

7.      All of Owner's rights and remedies under this Guaranty are intended to be distinct, separate and cumulative and no such right or remedy therein or herein mentioned, whether exercised by Owner or not, is intended to be in exclusion or a waiver of any of the others.  This Guaranty cannot be modified, waived or terminated unless such modification, waiver or termination is in writing, signed by Owner and Guarantor.

8.      a.      **TO THE EXTENT PERMITTED BY APPLICABLE LAW, GUARANTOR HEREBY IRREVOCABLY WAIVES ALL RIGHTS OF TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR IN CONNECTION WITH THIS GUARANTY, THE LOAN, THE PROJECT, OR ANY OTHER MATTER ARISING HEREUNDER OR THEREUNDER.**

   b.      **GUARANTOR FURTHER WAIVES THE RIGHT TO INTERPOSE ANY COUNTERCLAIM, OTHER THAN A MANDATORY COUNTERCLAIM, IN ANY ACTION OR PROCEEDING BY OWNER TO ENFORCE THIS GUARANTY.**

9.      This Guaranty shall be governed by the laws of the State of New York without regard to its principles of conflicts of laws. All actions and proceeding with respect to this Guaranty, the Loan or the Project may be brought in the courts of the State of New York or of the United States of America for the Southern District of New York. Guarantor and Contractor hereby irrevocably waive any objection which they may now or hereafter have to the jurisdiction of the aforesaid courts or the laying of venue of any of the aforesaid actions or proceedings arising out of or in connection with this Guaranty, the Loan, the Project, or any other matter arising hereunder or thereunder brought in the courts referred to above and hereby further irrevocably waive and agree not to plead or claim in any such court that any such action or proceeding brought in any such court has been brought in an inconvenient forum.



10. If Owner is obligated by any bankruptcy or other law to repay to Contractor or Guarantor or to any trustee, receiver or other representative of any of them, any amounts previously paid, then this Guaranty shall be reinstated in the amount of such repayment.

11. If any provision of this Guaranty or the application thereof to any person or circumstance shall to any extent be held void, unenforceable or invalid, then the remainder of this Guaranty or the application of such provision to persons or circumstances other than those as to which it is held void, unenforceable or invalid shall not be affected thereby, and each provision of this Guaranty shall be valid and enforced to the fullest extent permitted by law. This Guaranty shall be construed without regard to any presumption or other rule requiring construction against the party causing this Guaranty to be drafted.

12. If Guarantor consists of more than person, the obligations under this Guaranty shall be joint and several. This Guaranty may be signed in counterparts and each signed counterpart shall be fully enforceable against the signatory. Each signatory shall be fully liable hereunder regardless of whether all persons comprising Guarantor sign and deliver a separate counterpart. An electronic copy of this Guaranty shall have the same force and effect as an original for all purposes.

**IN WITNESS WHEREOF**, Guarantor has executed this Guaranty as of the date first above written.

_____
**BOLEK RYZINSKI**

Address: _____

_____
**LUKAS MACNIAK**

Address: 96 VALLEY RD
         WESTPORT CT 06880

**THE PROVISIONS OF THIS GUARANTY ARE
HEREBY CONSENTED AND AGREED TO:**

**ABR BUILDERS, LLC**

By: _____
   Name: MACNIAK
   Title: V-President