

MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

WOJCIECH JACKOWSKI
wjackowski@offitkurman.com

July 24, 2020

*VIA ECF*

Hon. Mary Kay Vyskocil
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

      Re:    <u>Clarkson Recovery Corp. v. Ryzinski & Macniak, 20 Civ. 4336 (MKV)</u>

Dear Judge Vyskocil:

    On behalf of defendants Boleslav Ryzinski and Lukas Macniak, we write in opposition to plaintiff Clarkson Recovery Corp.'s July 21, 2020 Letter (ECF #9) contemplating motions (i) for judgment on the pleadings, (ii) to dismiss defendants' counterclaim, and (iii) to stay discovery, and in support of defendants' contemplated cross-motion to dismiss the complaint for failure to state a claim.

    This claim arises out of a construction project for which non-party 39 Clarkson Associates LLC engaged non-party ABR Builders, LLC, which is owned by defendants. In the course of their relationship, 39 Clarkson's principal, Mark Weiss, found it convenient to advance costs to ABR Builders—at his initiative, near the end of the tax year—in various sums from various entities, including a $500,000 advance from LTN Capital Group, Inc. in December of 2018. None of these payments were accompanied by a writing stating the terms of repayment, and defendants did not consider them to be loans. Thereafter, work continued apace, with 39 Clarkson sending ABR Builders three checks totaling over $130,000 as payment for work performed.

    ABR Builders ran into financial difficulties and, on April 4, 2019, filed for bankruptcy protection through reorganization under Chapter 11 of the Bankruptcy Code. Within six days, Weiss demanded the defendants sign a personal guaranty. He represented to them that ABR Builders would be permitted to resume work on the Project, and enshrined that representation in the Guaranty, in which the defendants guaranteed "the completion of the Project up to the maximum amount of $1,000,000.00," as well as the repayment of a loan of $500,000 made by 39 Clarkson to ABR Builders. The representation was false—Weiss never allowed ABR Builders to return to the job, and sold the building, making it impossible for ABR Builders to complete the Project. That Guaranty—for which the only consideration was "the extension and forbearance from collection of" the $500,000 loan—was allegedly passed among Weiss entities, ending with plaintiff, who sued on it.



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

Plaintiff asserts a right to judgment on the pleadings based on a too-simple version of the facts, premised on a too-simple version of the law. As to the facts, plaintiff claims that certain documents—not attached to the complaint or pre-motion Letter, not provided to defendants despite request—establish that ABR Builders agreed to a loan, abandoned the Project, and is liable to plaintiff as assignee. The first two assertions are vigorously disputed and not subject to proof by cherry-picked documents on a pre-discovery motion; the last depends on the validity of multiple transactions into which defendants have received no insight.

The oversimplifications of law are no better. Plaintiff claims that because the Guaranty calls itself "absolute and unconditional," plaintiff can enforce it, regardless of whether it was against public policy, lacking in consideration, or fraudulently obtained. That is not the law. *See In re Republic Airways Holdings Inc.*, 598 B.R. 118, 146-147 (Bankr. S.D.N.Y. 2019) (collecting cases refusing to enforce guaranties, including on the basis of fraud and as contrary to public policy). The Guaranty in this case was drafted for Weiss to circumvent the clear public policy embodied in Section 362 of the Bankruptcy Code, which imposes an automatic stay on *all* efforts to collect against a debtor's obligations, in part to allow the Bankruptcy Court to ensure that creditors are paid according to their standing in the law. Going directly after debtor's principals for payment, the consideration of which comes from debtor, jumps the creditor line and violates Congress' policy judgments regarding the allocation of losses in bankruptcy. "[P]rovisions of agreements to be assumed may be held unenforceable when it is clear that they were designed to thwart policies underlying the Bankruptcy Code by circumventing certain of its provisions." *In re Boo.com N. Am., Inc.*, 2000 Bankr. LEXIS 1559, at *9 (Bankr. S.D.N.Y. Dec. 15, 2000) (citation omitted).[1]

Bankruptcy policy also negates the main consideration for the Guaranty: the forbearance from collection of the alleged loan. Because of the automatic stay, plaintiff (and its predecessors in interest) could have taken no steps to collect on the loan when the Guaranty was signed, so the forbearance was entirely without value. Likewise, the "extension" of the loan is not valid consideration because its plain meaning in context is the extension of ABR Builders' time to repay the loan. That is why the Guaranty claims to oblige defendants to make "full and timely" payment of the Loan, which, according to plaintiff, was then past due. There is no intrinsic basis in the Guaranty for plaintiff's construction of that clause.

Even taken on its own terms, plaintiff's argument also stumbles because defendants never guaranteed payment of $1.5 million. At most, if the Guarantee were enforceable, it would entitle plaintiff to $500,000 of money and "up to a maximum of $1,000,000" of contracting services for "the completion of the Project." If ABR Builders

---

[1] The only case cited on this point in the Letter is inapposite. In *In re South Side House, LLC*, 470 B.R. 659 (Bankr. E.D.N.Y. 2012), the guarantee was executed pre-bankruptcy and there was no question that the third-party guarantors' status was not impacted by the main obligor's bankruptcy. Here, by contrast, at the time of commencement of ABR Builders' bankruptcy proceeding, defendants were not guarantors or co-debtors on ABR Builder's ostensible loan.



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

completed the Project for less money--$600,000, say—plaintiff would have no claim for the remaining $400,000. As it happens, plaintiff is no longer able to accept ABR Builders' performance of completing the Project because of Weiss' sale of the building, but that is not the fault of ABR Builders or a breach of the Guaranty by the defendants. By selling the building, Weiss (through whichever entity then owned the Guaranty) waived his right $1,000,000 of ABR Builder's services, which is all that was guaranteed. Of course, the entities that advanced ABR Builders the money can seek to recover it from ABR Builders through a claim for unjust enrichment, but that is not this case.

That ABR Builders has been prevented from completing the Project is no accident. As became clear after the Guaranty was executed, Weiss never intended to permit ABR Builders to complete the Project. Even before the Building was sold, ABR Builders was not permitted to resume work, though the prospect of resuming was the inducement for signing the Guaranty. Contrary to the Letter, these allegations in defendants' counterclaim are sufficient to give rise to a claim for fraudulent inducement: "'[A] promise . . . made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of material existing fact upon which an action for rescission based on fraudulent inducement may be predicated.'" *Stewart v. Jackson & Nash*, 976 F.2d 86, 89 (2d Cir. 1992)(quoting *Sabo v. Delman*, 3 N.Y.2d 155, 160 (1957).

Plaintiff seeks a stay of discovery based on the purported strength of its arguments, the competing dispositive motions to be filed by the parties, the burden that discovery imposes, and the ostensible lack of prejudice from a stay. But the Federal Rules do not automatically stay discovery for dispositive motions. In this case, as explained above, plaintiff's Letter highlights certain factual disputes that plaintiff wants resolved in its favor on these motions based on documentary evidence only it has. It would be unfair to defendant to deny it discovery, both as to these documents and as to others that plaintiff has not chosen to highlight to the Court. Moreover, plaintiff's claim and defendant's counterclaim arise from the actions and through assignments from other entities owned by Mark Weiss. Discovery from and about those entities may be necessary to develop the facts supporting defendant's claims, and may require joinder of additional parties. Prompt discovery will allow that joinder to occur sooner rather than later, making discovery and the ultimate resolution of this action more efficient for all parties.

Respectfully submitted,

/s/ Wojciech Jackowski
Wojciech Jackowski
Alexander Mirkin

cc:     Counsel of record (via ECF)