# Exhibit 10

## AGREEMENT FOR ASSIGNMENT AND ASSUMPTION OF GUARANTY AND CLAIMS

THIS AGREEMENT FOR ASSIGNMENT AND ASSUMPTION OF GUARANTY AND CLAIMS (this "Agreement") is made as of this 29th day of May, 2019 (the "Effective Date") by and between CLARKSON ASSOCIATES LLC, a Delaware limited liability company doing business in the State of New York under the fictitious name of 39 CLARKSON ASSOCIATES LLC and also known as 39 CLARKSON ASSOCIATES LLC, a New York limited liability company ("Assignor"), with an address at c/o LTN Capital, 18 East 17th Street, 3rd Floor, New York, New York 10003, and LTN CAPITAL GROUP, INC., a New York corporation ("Assignee"), with an address at c/o LTN Capital, 18 East 17th Street, 3rd Floor, New York, New York 10003.

## RECITALS

WHEREAS, Assignor is the owner of that certain real property and the improvements thereon located at 39 Clarkson Street, New York, New York 10014 (the "Premises");

WHEREAS, Assignor made a $500,000 loan (the "Loan") to Contractor (as such term is defined in the Guaranty (as hereinafter defined)) to facilitate the completion by Contractor of the Project (as such term is defined in the Guaranty) located at the Premises;

WHEREAS, in addition to the Loan to Contractor, Assignor paid Contractor at least $1,000,000 in connection with the completion of the Project;

WHEREAS, on or about April 10, 2019, Bolek Ryzinski and Lukas Macniak (collectively, "Guarantors"), principals of Contractor, entered into and delivered that certain Guaranty (Corrected), dated as of April 10, 2019 (the "Guaranty"), which Guaranty was consented and agreed to by Contractor, a copy of which is attached hereto as Exhibit A, for the benefit of Assignor; and

WHEREAS, in anticipation of Assignor's prospective sale of the Premises to an unrelated third-party, Assignor desires to assign, convey, transfer, deliver and set over absolutely to Assignee, which is an affiliate of Assignor, and Assignee desires to accept and assume from Assignor, all of Assignor's right, title and interest in, to and under the Guaranty and any and all Claims (as hereinafter defined) held by Assignor to Assignee.

NOW, THEREFORE, in consideration of the foregoing, and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Definitions/Recitals Incorporated.** Unless otherwise defined in this Agreement, all capitalized terms used herein shall have the meanings ascribed to such terms in the Guaranty. The recitals set forth hereinabove in this Agreement are hereby incorporated into this Agreement as if fully set forth herein.

2. **Assignment.** Assignor hereby transfers, assigns and sets over to Assignee, its successors and assigns, all of Assignor's rights, title, and interest in, to and under (i) the Guaranty, including, without limitation, any and all claims and demands, whether or not liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, unsecured, legal or equitable in nature, or sounding in contract, tort or otherwise (collectively,

4817-5011-0894, v. 5

"Claims"), arising out of or related to the Guaranty, and (ii) all Claims arising out of or related to the Project and the Loan. Assignor expressly acknowledges that it shall have no further rights in and to the Guaranty or any Claims or any judgment, settlement, payment or arbitration award connected therewith.

3. Assumption. Assignee hereby accepts and agrees to assume all of Assignor's rights, title, and interest in, to and under the Guaranty, including, without limitation, any Claims, together with all of Assignor's rights, title and interest in and to the Claims, including the right to receive payment of any sums recovered pursuant to any and all Claims and to assume all of Assignor's obligations and duties with respect to the same.

4. Representations and Warranties. Assignor hereby represents and warrants that Assignor owns all of the rights, title and interest in and to the Guaranty and any and all Claims; that Assignor has done nothing to discharge or release the Guaranty or any Claims; and that Assignor has the legal right and authority to transfer the same free of the rights and claims of third parties. This warranty and representation shall survive the Effective Date.

5. Indemnity. Assignor hereby indemnifies and holds harmless Assignee from and against any and all liabilities, costs, damages and expenses (including, without limitation, reasonable attorneys' fees, costs and disbursements and costs incurred in connection with the enforcement of the foregoing indemnification obligation) arising out of the Guaranty prior to the Effective Date. Assignee hereby indemnifies and holds harmless Assignor from and against any and all liabilities, costs, damages and expenses (including, without limitation, reasonable attorneys' fees, costs and disbursements and costs incurred in connection with the enforcement of the foregoing indemnification obligation) arising out of the Guaranty from and after the Effective Date. This warranty and representation shall survive the Effective Date.

6. Assignment. This Agreement shall be governed by and construed under the laws of the State of New York without regard to principles of conflicts of laws.

7. Miscellaneous. This Agreement: (i) may be executed in multiple counterparts (whether original, facsimile, portable document format or otherwise), all of which taken together constitute one and the same instrument; (ii) may not be canceled, modified or amended except by written instrument executed by all parties hereto; (iii) contains the entire agreement between the parties hereto and is entered into after full investigation, with neither party relying upon any statement or representation made by another not contained in this Agreement; and (iv) shall apply to and bind the successors and assigns of Assignee and Assignor. If any term or provision of this Agreement shall, to any extent, be determined to be invalid or unenforceable, the remainder of this Agreement shall not be affected and each term or provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

[Signatures on Next Page]

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the Effective Date.

ASSIGNOR:

CLARKSON ASSOCIATES LLC,
a Delaware limited liability company,
doing business in the State of New York under the
fictitious name of 39 CLARKSON ASSOCIATES LLC,
and also known as 39 CLARKSON ASSOCIATES
LLC, a New York limited liability company

By: _____
Name: Michelle Goldstein
Title: Authorized Signatory


ASSIGNEE:

LTN CAPITAL GROUP, INC.,
a New York corporation

By: _____
Name: Michelle Goldstein
Title: Authorized Signatory

# EXHIBIT A

Guaranty

(Attached hereto)

## GUARANTY

(CORRECTED)

GUARANTY made as of April 1⊘, 2019, by **BOLEK RYZINSKI and LUKAS MACNIAK** (collectively, "Guarantor"), individuals having an address c/o ABR Builders, LLC, 39 West 38 Street, Suite 1100 W, New York, NY 10018 for the benefit of 39 CLARKSON ASSOCIATES LLC ("Owner") a New York limited liability company having an office c/o LTN Capital, 18 East 17th Street, 3rd Floor, New York, NY 10003

1. In consideration of, and as an inducement for, the extension and forbearance from collection of that certain loan in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) made by Owner to ABR Builders, LLC ("**Contractor**"), which Loan was made to facilitate the completion by Contractor of a certain construction project (the "**Project**"), located at 39 Clarkson Street, New York, NY (the "**Premises**") and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Guarantor does hereby, on behalf of Guarantor and Guarantor's heirs, administrators, executors, successors and assigns, unconditionally and absolutely guarantee to Owner and its successors and assigns (a) the full and timely payment of the Loan upon demand by Owner, and (b) the completion of the Project up to the maximum amount of $1,000,000.00 (such obligations being hereinafter referred to as the "**Guaranteed Obligations**"), without requiring any notice of non-payment, or proof, notice, or demand whereby to charge Guarantor therefor, all of which Guarantor hereby expressly waives.

2. In addition to the Guaranteed Obligations, Guarantor hereby covenants and agrees to pay within ten (10) days after Owner's written demand therefor, all reasonable attorneys fees and disbursements and all litigation costs and expenses incurred or paid by Owner in connection with the enforcement of this Guaranty.

3. This Guaranty is an absolute and unconditional guaranty of payment and performance. Guarantor acknowledges that this Guaranty and Guarantor's obligations and liabilities under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, are and shall be the separate and independent undertaking of Guarantor without regard to the validity, legality or enforceability of Contractor's obligations with respect to the Project or the Loan, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this Guaranty and the obligations and liabilities of Guarantor under this Guaranty. This Guaranty sets forth the entire agreement and understanding of Owner and Guarantor, and Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations or liabilities of Guarantor under this Guaranty.

4. Guarantor hereby covenants and agrees that Guarantor may be joined in any action by or against Contractor in connection with the Guaranteed Obligations, and that recovery may be had against Guarantor in such action or in any independent action against Guarantor without Owner first pursuing or exhausting any remedy or claim against Contractor or its successors or assigns.

5. Guarantor further covenants and agrees that this Guaranty shall not be affected or impaired by, and shall continue in full force and effect notwithstanding (i) the unenforceability of any agreement relating to the Project or the Loan or any amendment, modification, extension thereof, (ii) any extension of time that may be granted to Contractor or its successors or assigns, (iii) the voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all the assets, marshaling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement or readjustment of, or other similar proceeding affecting the Contractor or any of its assets or the disaffirmance, rejection or postponement in any such proceeding of any of Contractor's obligations or undertakings with respect to the Project or the Loan, (iv) any modification, reduction or other limitation of the Guaranteed Obligations that may occur pursuant to any bankruptcy, insolvency, or similar proceeding affecting Contractor, or (v) any event or circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor, indemnitor or surety under the laws of the State of New York, the laws of the United States, or the laws of any other jurisdiction or country.

6. Guarantor warrants and represents that Guarantor has the legal right and capacity to execute this Guaranty, and that each Guarantor is a principal of Contractor and has derived, and shall continue to derive, substantial benefit from the Loan and the Project.

7. All of Owner's rights and remedies under this Guaranty are intended to be distinct, separate and cumulative and no such right or remedy therein or herein mentioned, whether exercised by Owner or not, is intended to be in exclusion or a waiver of any of the others. This Guaranty cannot be modified, waived or terminated unless such modification, waiver or termination is in writing, signed by Owner and Guarantor.

8. a. **TO THE EXTENT PERMITTED BY APPLICABLE LAW, GUARANTOR HEREBY IRREVOCABLY WAIVES ALL RIGHTS OF TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR IN CONNECTION WITH THIS GUARANTY, THE LOAN, THE PROJECT, OR ANY OTHER MATTER ARISING HEREUNDER OR THEREUNDER.**

b. **GUARANTOR FURTHER WAIVES THE RIGHT TO INTERPOSE ANY COUNTERCLAIM, OTHER THAN A MANDATORY COUNTERCLAIM, IN ANY ACTION OR PROCEEDING BY OWNER TO ENFORCE THIS GUARANTY.**

9. This Guaranty shall be governed by the laws of the State of New York without regard to its principles of conflicts of laws. All actions and proceeding with respect to this Guaranty, the Loan or the Project may be brought in the courts of the State of New York or of the United States of America for the Southern District of New York. Guarantor and Contractor hereby irrevocably waive any objection which they may now or hereafter have to the jurisdiction of the aforesaid courts or the laying of venue of any of the aforesaid actions or proceedings arising out of or in connection with this Guaranty, the Loan, the Project, or any other matter arising hereunder or thereunder brought in the courts referred to above and hereby further irrevocably waive and agree not to plead or claim in any such court that any such action or proceeding brought in any such court has been brought in an inconvenient forum.

10. If Owner is obligated by any bankruptcy or other law to repay to Contractor or Guarantor or to any trustee, receiver or other representative of any of them, any amounts previously paid, then this Guaranty shall be reinstated in the amount of such repayment.

11. If any provision of this Guaranty or the application thereof to any person or circumstance shall to any extent be held void, unenforceable or invalid, then the remainder of this Guaranty or the application of such provision to persons or circumstances other than those as to which it is held void, unenforceable or invalid shall not be affected thereby, and each provision of this Guaranty shall be valid and enforced to the fullest extent permitted by law. This Guaranty shall be construed without regard to any presumption or other rule requiring construction against the party causing this Guaranty to be drafted.

12. If Guarantor consists of more than person, the obligations under this Guaranty shall be joint and several. This Guaranty may be signed in counterparts and each signed counterpart shall be fully enforceable against the signatory. Each signatory shall be fully liable hereunder regardless of whether all persons comprising Guarantor sign and deliver a separate counterpart. An electronic copy of this Guaranty shall have the same force and effect as an original for all purposes.

**IN WITNESS WHEREOF**, Guarantor has executed this Guaranty as of the date first above written.

**BOLEK RYZINSKI**

Address: 132 Spriggs tnd Hwt Westport CT 06881

**LUKAS MACNIAK**

Address: 96 VALLEY RD
WESTPORT CT 06880

**THE PROVISIONS OF THIS GUARANTY ARE HEREBY CONSENTED AND AGREED TO:**

**ABR BUILDERS, LLC**

By: _____
Name: MACNIAK
Title: V-President