# Exhibit 11

## AGREEMENT FOR ASSIGNMENT AND ASSUMPTION OF GUARANTY AND CLAIMS

THIS AGREEMENT FOR ASSIGNMENT AND ASSUMPTION OF GUARANTY AND CLAIMS (this "Agreement") is made as of this ⟨⟩th day of January, 2020 (the "Effective Date") by and between LTN CAPITAL GROUP, INC., a New York corporation ("Assignor"), with an address at c/o LTN Capital, 18 East 17th Street, 3rd Floor, New York, New York 10003, and CLARKSON RECOVERY CORP., a New York corporation ("Assignee"), with an address at 18 East 17th Street, 3rd Floor, New York, New York 10003.

### RECITALS

WHEREAS, Clarkson Associates LLC, a Delaware limited liability company doing business in the State of New York under the fictitious name of 39 Clarkson Associates LLC, also known as 39 Clarkson Associates LLC, a New York limited liability company ("Prior Owner") was the owner of that certain real property and the improvements thereon located at 39 Clarkson Street, New York, New York 10014 (the "Premises");

WHEREAS, Prior Owner made a $500,000 loan (the "Loan") to Contractor (as such term is defined in the Guaranty (as hereinafter defined)) to facilitate the completion by Contractor of the Project (as such term is defined in the Guaranty) located at the Premises;

WHEREAS, in addition to the Loan to Contractor, Prior Owner paid Contractor at least $1,000,000 in connection with the completion of the Project;

WHEREAS, on or about April 10, 2019, Bolek Ryzinski and Lukas Macniak (collectively, "Guarantors"), principals of Contractor, entered into and delivered that certain Guaranty (Corrected), dated as of April 10, 2019 (the "Guaranty"), which Guaranty was consented and agreed to by Contractor, a copy of which is attached hereto as Exhibit A, for the benefit of Prior Owner;

WHEREAS, Prior Owner and Assignor entered into that certain Agreement for Assignment and Assumption of Guaranty and Claims, dated as of May 29, 2019 (the "Original Assignment"), a copy of which is attached hereto as Exhibit B, whereby Prior Owner assigned to Assignor and Assignor assumed from Prior Owner the Guaranty and Claims (as such term is defined in the Original Assignment); and

WHEREAS, Assignor desires to assign, convey, transfer, deliver and set over absolutely to Assignee, which is an affiliate of Assignor, and Assignee desires to accept and assume from Assignor, all of Assignor's right, title and interest in, to and under the Original Assignment, the Guaranty and any and all Claims held by Assignor to Assignee.

NOW, THEREFORE, in consideration of the foregoing, and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    Definitions/Recitals Incorporated.  Unless otherwise defined in this Agreement, all capitalized terms used herein shall have the meanings ascribed to such terms in the Original Assignment.  The recitals set forth hereinabove in this Agreement are hereby incorporated into this Agreement as if fully set forth herein.

2.    <u>Assignment</u>.  Assignor hereby transfers, assigns and sets over to Assignee, its successors and assigns, all of Assignor's rights, title, and interest in, to and under (i) the Original Assignment, (ii) the Guaranty, including, without limitation, any Claims arising out of or related to the Guaranty, and (iii) all Claims arising out of or related to the Project and the Loan. Assignor expressly acknowledges that it shall have no further rights in and to the Guaranty or any Claims or any judgment, settlement, payment or arbitration award connected therewith.

3.    <u>Assumption</u>.  Assignee hereby accepts and agrees to assume all of Assignor's rights, title, and interest in, to and under the Original Assignment, the Guaranty, including, without limitation, any Claims, together with all of Assignor's rights, title and interest in and to the Claims, including the right to receive payment of any sums recovered pursuant to any and all Claims and to assume all of Assignor's obligations and duties with respect to the same.

4.    <u>Representations and Warranties</u>.  Assignor hereby represents and warrants that Assignor owns all of the rights, title and interest in and to the Original Assignment, the Guaranty and any and all Claims; that Assignor has done nothing to discharge or release the Original Assignment, the Guaranty or any Claims; and that Assignor has the legal right and authority to transfer the same free of the rights and claims of third parties. This warranty and representation shall survive the Effective Date.

5.    <u>Indemnity</u>.  Assignor hereby indemnifies and holds harmless Assignee from and against any and all liabilities, costs, damages and expenses (including, without limitation, reasonable attorneys' fees, costs and disbursements and costs incurred in connection with the enforcement of the foregoing indemnification obligation) arising out of the Original Assignment and/or the Guaranty prior to the Effective Date.  Assignee hereby indemnifies and holds harmless Assignor from and against any and all liabilities, costs, damages and expenses (including, without limitation, reasonable attorneys' fees, costs and disbursements and costs incurred in connection with the enforcement of the foregoing indemnification obligation) arising out of the Guaranty from and after the Effective Date.  This warranty and representation shall survive the Effective Date.

6.    <u>Assignment</u>.  This Agreement shall be governed by and construed under the laws of the State of New York without regard to principles of conflicts of laws.

7.    <u>Miscellaneous</u>.  This Agreement: (i) may be executed in multiple counterparts (whether original, facsimile, portable document format or otherwise), all of which taken together constitute one and the same instrument; (ii) may not be canceled, modified or amended except by written instrument executed by all parties hereto; (iii) contains the entire agreement between the parties hereto and is entered into after full investigation, with neither party relying upon any statement or representation made by another not contained in this Agreement; and (iv) shall apply to and bind the successors and assigns of Assignee and Assignor.  If any term or provision of this Agreement shall, to any extent, be determined to be invalid or unenforceable, the remainder of this Agreement shall not be affected and each term or provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

[Signatures on Next Page]

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the Effective Date.

ASSIGNOR:

LTN CAPITAL GROUP, INC.,
a New York corporation

By: _____
Name: Michelle Goldstein
Title: Authorized Signatory

ASSIGNEE:

CLARKSON RECOVERY CORP.,
a New York corporation

By: _____
Name: Michelle Goldstein
Title: Authorized Signatory

**EXHIBIT A**

<u>Guaranty</u>

(Attached hereto)

**EXHIBIT B**

<u>Original Assignment</u>

(Attached hereto)