UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLARKSON RECOVERY CORP.,

    Plaintiff,

v.

BOLEK RYZINSKI and LUKAS MACNIAK,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/29/2021

**20 Civ. 4336 (MKV)**

**STIPULATED PROTECTIVE ORDER**

    WHEREAS, all of the parties to this action (collectively, the "Parties" and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that may be disclosed in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order to govern this action,

    IT IS HEREBY ORDERED that:

    1.  All "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) shall be used solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.  In addition, nothing in this Order will affect or restrict the rights of any Party with respect to documents or

information that it has already obtained or obtains through a means other than discovery in this action.

2. With respect to Discovery Material that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3. The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information;

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans or marketing plans concerning the 39 Clarkson Street, New York, New York project at issue in this case (the "39 Clarkson Street project")[1];

    (d) any information of a personal or intimate nature regarding any individual, including, but not limited to, social security or other taxpayer identification

---

[1] The parties disagree whether the ability to mark "previously non-disclosed business plans or marketing plans" as Confidential should be limited to plans concerning the 39 Clarkson Street project. Defendants believe it should, while Plaintiff disagrees. The dispute may be academic, however, as Plaintiff's production may not include any such plans that do not concern the 39 Clarkson Street project. Accordingly, Plaintiff has agreed to the limitation, with the understanding (and agreement of Defendants) that if Plaintiff determines that any documents within its production concern previously non-disclosed business or marketing plans concerning matters other than the 39 Clarkson Street project, Plaintiff may (1) apply to the Court for authorization to designate the documents as Confidential and (2) while such application is pending, designate them as Confidential pursuant to this Order.

numbers, home telephone numbers and addresses, banking or other personal financial information, and information from employee personnel files; or

(e) any other category of information this Court subsequently affords confidential status.

Information or documents that are readily available in the public sector may not be designated as Confidential.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. Confidential documents produced electronically with a load file shall be identified as Confidential in the load file produced accompanying those documents. Any other conveyance of Confidential information shall be accompanied by a statement that the information is Confidential. Documents and information shall be designated Confidential prior to, or contemporaneously with, the production or disclosure of the documents or conveyance of the information. Unintentional production of Discovery Material without prior designation as Confidential shall not be deemed a waiver, in whole or in part, of the right to designate the Discovery Material as Confidential as otherwise allowed by this Order.

5. Portions of depositions shall be treated as Confidential if designated as such when the deposition is taken or within fifteen (15) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. During the fifteen (15) day period following a deposition, all Parties will treat the entire deposition transcript and all deposition exhibits as if it had been designated as Confidential.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without a Confidential designation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bear the Confidential designation as soon as practicable upon providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose, summarize, describe, characterize, or otherwise communicate or make available such information only to the following persons:

   (a) the Parties to this action, their insurers, and counsel to their insurers;

   (b) counsel and employees of counsel of the Parties retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

   (c) employees and former employees of a Party subject to this Order but only to the extent that the employee or former employee's assistance is necessary to the conduct of the litigation in which the Discovery Material is disclosed;

   (d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure agreement in the form annexed as an Exhibit hereto;

(h) any person a Party retains to serve as an expert witness, consultant, investigator or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action;

(j) this Court, including any appellate court, its support personnel, and court reporters; and

(k) any other person who the Producing Party, or other person designating the Discovery Material Confidential, agrees in writing may have access to such Discovery Material.

Any disclosure permitted by this paragraph may be made only to the extent reasonably necessary to prosecute and defend this action.

9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(c), (e), 8(g), or 8(h) above, counsel must provide a copy of this Order to such a person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must

retain each signed Non-Disclosure Agreement and, upon written request, produce it to opposing counsel before such person is permitted to testify (at deposition or trial).

10. Any Confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. <u>Burden of Proof</u>

The burden of proving the necessity of a Confidential designation remains with the Party or nonparty asserting confidentiality.

    b. <u>Written Notice of Challenge</u>

A Party who contends that Discovery Material designated Confidential is not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Parties and any producing nonparty shall then have five (5) days from receipt of the written notice to determine if the dispute can be resolved without judicial intervention. If not, the Party challenging the designation may follow the Court's rules for addressing a discovery dispute in order to seek a Court order overturning or limiting the Confidential designation.

    c. <u>Treatment of Information Pending Challenge Determination</u>

Notwithstanding any challenge to the designation of Discovery Material as Confidential, all material previously designated Confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

        (1) the Party or nonparty who claims that the Discovery Material is confidential withdraws such designation in writing; or

        (2) the Court rules that the Discovery Material should no longer be designated as Confidential

      d.  <u>No Waiver of Right to Challenge</u>

Challenges to the designation of Discovery Material may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11.    In the event any Party discovers it has inadvertently produced Confidential material that has not been so designated, it may designate the documents or information as Confidential by subsequent notice in writing specifically identifying the documents or information and furnishing the correct designation, in which event the Parties shall henceforth treat such information as Confidential as provided in this Order.

12.    This Order is intended to effectuate the protections set forth in Rule 502(b) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a producing Party discloses Discovery Material in connection with the pending litigation that the producing Party thereafter claims to be protected by the attorney-client privilege and/or work-product doctrine ("Protected Information," with the Party making the disclosure referred to as the "Disclosing Party"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

      a.  The Disclosing Party shall, within a reasonable period of time after learning of the disclosure of Protected Information, notify the Party in receipt of the Protected Information (the "Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party shall promptly (i) notify the Disclosing Party that it will identify and return, sequester or destroy (or in the case of

7

electronically stored information, permanently delete) the Protected Information and any reasonably accessible copies it has; and (ii) confirm in writing that it will cease further review, dissemination, or use of the Protected Information. Within five (5) business days of the notification that such Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Protected Information that describes the nature of the Protected Information in a manner that will enable the other Party to assess the claim. For purposes of this Order, Protected Information that has been stored on media that is not reasonably accessible, such as backup storage media, is considered sequestered. If such data is retrieved, the Receiving Party must promptly take steps to permanently delete or sequester the restored Protected Information.

b. If the Receiving Party contests the claim of attorney-client privilege or work-product protection and good-faith efforts to meet and confer do not resolve such dispute, the Receiving Party shall apply to the Court for an Order in accordance with Rule 3(d) of this Court's Individual Practices compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person. The Disclosing Party retains the burden of establishing the privileged or protected nature of any Protected Information and nothing in this Order shall limit the right of any party to request an in camera review of the Protected Information.

c. Nothing in this Order overrides any attorney's ethical responsibilities to refrain

        from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the Disclosing Party that such materials have been produced.

    d.    The foregoing reflects the Parties' agreement to avoid a strict waiver of privilege by reason of inadvertent disclosure, but it does not excuse the Parties from undertaking reasonable steps to prevent any such disclosure, as required by Federal Rule of Evidence 502(b), or other applicable law.

    13.    This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

    14.    A Party that seeks to file another Party's Confidential Discovery Material with this Court shall confer with the Producing Party to determine whether the Producing Party seeks to have the Confidential Discovery Material filed under seal. If so, the Parties shall follow the procedures set forth in Rule 9(b) of the Court's Individual Practices. In filing Confidential Discovery Material with this Court under seal, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material under seal ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court

Submission. In accordance with Rule 9(b) of this Court's Individual Practices, any Party that seeks to file documents or information under seal, or have another Party's documents or information filed under seal, must simultaneously file with the Court a letter brief and supporting declaration justifying—on a particularized basis—the continued sealing of such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15. In the event a non-party has produced information in response to a subpoena or request, any Party receiving such information from the non-party shall ensure that all other Parties receive copies of the non-party's production within five business days of the receiving Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such information from the non-party shall notify all other Parties of its receipt of such production within three business days, and shall provide copies of the non-party production to all other Parties as soon as practicable. Any Party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order.

16. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3(d) of this Court's Individual Practices.

17. Any Party who requests additional limits on disclosure (such as "attorneys' eyes

only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3(d) of this Court's Individual Practices.

18. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

19. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20. The undersigned agree to meet and confer concerning the use of any Confidential Discovery Material at hearings or at the trial of this action not fewer than five days prior to any such hearing or trial. Where a hearing or trial is scheduled on fewer than five days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice but, in any event, not fewer than twenty-four hours in advance of the hearing or trial.

21.  Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22.  Within 30 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof.  In either event, by the 30-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23.  This Order shall be subject to modification on motion of any Party. The Order shall not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

24. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: January 21, 2021

| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| *Clarkson Recovery Corp.* | *Boleslav Ryzinski and Lukas Macniak* |

| /s/ Christopher B. Harwood | /s/ Wojciech Jackowski |
|---|---|
| Christopher B. Harwood | Wojciech Jackowski |
| Chelsea L. Scism | Alexander Mirkin |
| MORVILLO ABRAMOWITZ | OFFIT KURMAN, P.A. |
| GRAND IASON & ANELLO P.C. | 590 Madison Avenue, 6th Floor |
| 565 Fifth Avenue | New York, New York 10022 |
| New York, New York 10017 | Tel: (212) 545-1900 |
| Tel: (212) 856-9600 | wjackowski@offitkurman.com |
| charwood@maglaw.com | amirkin@offitkurman.com |
| cscism@maglaw.com | |

SO ORDERED

Dated:   January 29, 2021
New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARKSON RECOVERY CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLEK RYZINSKI and LUKAS MACNIAK, <br><br> Defendants. | 20 Civ. 4336 (MKV) <br><br> **NON-DISCLOSURE AGREEMENT** |

     I, _____, acknowledge that I have read and understand and will abide by the Stipulated Protective Order in this action, including the provisions governing use of Discovery Material and the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Dated: